# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL JOSEPH PAVALONE**, | : CIVIL ACTION NO. 1:11-CV-1445 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **COUNTY OF LACKAWANNA, et al.**, | : |
| Respondents | : |

## **MEMORANDUM**

On August 5, 2011, Petitioner Paul Joseph Pavalone ("petitioner" or "Pavalone"), a pre-trial detainee presently confined at the Lackawanna County Prison in Scranton, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking immediate release. Also included in the petition are various civil rights claims. The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"). The civil rights claims will also be dismissed without prejudice.

**I.      Background**

According to the electronic docket in Court of Common Pleas of Lackawanna County Criminal Case Number CP-35-CR-0001493-2011, retrieved from Pennsylvania's Unified Judicial System, see http://ujsportal.pacourts.us., Pavalone was arrested on May 24, 2011, and charged with terroristic threats, stalking, and harassment. Bail was set at $25000.00, which he was unable to post.

He states that when he attended his preliminary hearing he was appointed representation by the Lackawanna County Public Defender's Office. (Doc. 1, at 9.) He was advised to waive his preliminary hearing by newly appointed counsel. (Id.) He states that he waived the preliminary hearing "against his better judgement and came to learn that his constitutional right to confrontation had been violated via this coerced and manipulated waiver." According to the electronic docket, a pretrial conference was held in the matter on August 5, 2011.

He also raises numerous civil rights claims including, *inter alia*, denial of access to the law library, denial of telephone privileges and torturous treatment meant to annoy, harass, and terrorize him. (Doc. 1, at 9-10.)

He seeks monetary compensation, "[t]he appointment of an investigatory commission, a master, a judge and an attorney to the plaintiff for representation," injunctive relief in the form of a transfer of all his civil and criminal proceedings to "a secondary venue," immediate release, and the filing of charges. (Id. at 10-11.)

**II.     Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. See 28 U.S.C. § 2254(a). It is apparent from the instant petition that Pavalone has not yet been tried or convicted on the criminal charges he faces in the Lackawanna County, and thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir .2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly

unconstitutional statute. . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is clear that Pavalone is involved in ongoing criminal proceedings which implicate important state interests. It also appears from review of electronic docket in Court of Common Pleas of Lackawanna County Criminal Case Number CP-35-CR-0001493-2011, that he has failed to take advantage of the state court proceedings available to him. see http://ujsportal.pacourts.us. There is no record of him having availed himself of state court procedure by seeking relief in the Court of Common Pleas or an appeal to the Pennsylvania Superior Court from any denial of relief. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

Also included in the petition are various civil rights claims. "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'"

Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) quoting *Powers of Congress and the Court Regarding he Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001). When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Therefore, any claims in which Pavalone seeks to impose liability due to the deprivation of Constitutional rights, as opposed to obtaining speedier release from custody, must be brought in a civil rights action.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    An appropriate order accompanies this Memorandum.


                                                 S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge


Dated:       September 8, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE,** | : | **CIVIL ACTION NO. 1:11-CV-1445** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COUNTY OF LACKAWANNA, et al.,** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 8th day of September, 2011, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice.  See R. Governing § 2254 Cases R. 4.

2. The motion to proceed in forma pauperis (Doc. 4) is GRANTED for the sole purpose of the filing of this action.

3. The civil rights claims are DISMISSED without prejudice.

4. The Clerk of Court is directed to CLOSE this case.

5. A certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge